UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MHN

RECEIVED
8-18-2009
AUG 18 2009
AUG 18 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Gary Frederico Ellison
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Paul Biebel and

John Doe

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case
(To

09 CV 5075
JUDGE LEFKOW
MAGISTRATE JUDGE NOLAN

**CHECK ONE ONLY:**

__X__ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A. Name: Gary Frederico Ellison

    B. List all aliases: _____

    C. Prisoner identification number: K91210

    D. Place of present confinement: Menard Correctional

    E. Address: P.O. Box 711, Menard, IL, 62259

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A. Defendant: Paul Biebel

    Title: Head Judge of the Cook County Circuit Court

    Place of Employment: Cook County Court

    B. Defendant: John Doe

    Title: Unknown

    Place of Employment: Unknown

    C. Defendant: _____

    Title: _____

    Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III. PREVIOUS LAWSUITS


1. Ellison V Sheahan et al, No. 06 C ...

2. Filing date Oct 06

3. Gary Ellison, plaintiff

4. Micheal Shehan, and 4 sheriffs, defendants.

5. Filed in the Northern District - this Court

6. Before Judge Coar

7. Claim made was cruel and unusual punishment

8. Voluntarily dismissed

9. 3/27/2007, approximated date of disposition


1. Ellison V Minnear et al, No. 08 C 3247

2. Filing date June 08

3. Gary Ellison, plaintiff

4. Micheal Minnear, Brad Curie, and 4 John Doe sheriffs, defendants

5. Filed in the Northern District - this Court

6. Before Judge Leinenweber

7. Claim made was conspiracy, and cruel and unusual punishment

8. Appeal pending

9. Before the Appellate Court


1. Ellison V Hulick et al, No. 09 414 DRH

2. Filing date June 09

3. Gary Ellsion, plaintiff

4. Hulick and Menard Eye Doctor (John Doe)

5. Filed in the Southern District

6. Before Judge Herndon

7. Claim made was failure to treat medical condition.
8. Pending disposition.
9. Pending.


1. Ellison V Minnear et al, No. 09 431 DRH
2. Filing date June 09
3. Gary Ellison, plaintiff
4. Micheal Minnear, Brad Curie, and 4 John Doe sheriffs
5. Filed in the Southern District
6. Before Judge Herndon
7. Claim made is conspiracy, and cruel and unusual punishment.
8. Pending disposition.
9. Pending

IV. FACTS

1. On __ Special Agent Micheal Minnear of the Illinois State Police Agency had an Application for Judicial Approval for Use of Eavesdropping device authorized by States Attorney __.

2. On __ Minnear submitted application for the Use of Eavesdropping device to defendant Biebel, who authorized the application. (Exibit #1)

3. The Illinois State Police subsequently executed interception of the plaintiffs communication through the means of Electronic Surveillance during the year 2003. (Exibit #1)

4. Following the interceptions conclusion, the plaintiff was not served notice pursuant to 725 ILCS 5/108A-8 or Federal law.

5. The plaintiff became aware of the occurrance of the interception of his communication during trial for the felony of murder with which the plaintiff was charged.

6. The plaintiff then filed petition of Mandamus with the Illinois Supreme Court for the plaintiff to be served notice pursuant to Illinois law 725 ILCS 5/108A-8. (Exibit #2)

7. The plaintiff was informed by the Illinois Supreme Court that " The People of the State of Illinois " were the appropriate respondents. (Exibit #2)

8. The plaintiff then refiled petition of Mandamus with " The People of the State of Illinois " as the respondents. (Exibits #3, 4, 5 and 6)

9. The respondents stated that the respondents, The People of the State of Illinois, had no knowledge as to the occurrance of any interception of the plaintiffs communication through Electronic Surveillance for which the plaintiff could be served notice pursuant to 725 ILCS 5/108A-8.

10. The respondents stated that the plaintiff should serve the Illinois Department of Corrections with the petition of Mandamus. (Exibit #7)

11. On 4/15/2009, the plaintiff filed a Freedom of Information request with the Cook County States Attorneys office, requesting any and all documents in relation to the interception of the plaintiffs communications, and requested that the plaintiff be given access to review any of the plaintiffs recorded conversations.

12. On 4/15/2009, the plaintiff filed a Freedom of Information request with the Illinois State Police Agency, requesting any and all documents in relation to the interception of the plaintiffs communications, and requested that the plaintiff be given access to review any of the plaintiffs recorded conversations.

13. On 5/11/2009, the plaintiff received a response from the Cook County States Attorneys office stating that no interception of the plaintiff communications had occurred during the years of 2002 and 2003 and denied the plaintiffs request for documents in relation to interception upon the plaintiff, including review of recordings developed during interception of the plaintiffs conversations during the years of 2002 and 2003. (Exibit #8)

14. On 7/31/2009, the plaintiff received a response from the Illinois State Police Freedom of Information officer informing the plaintiff that interception of the plaintiffs communication occurred July 1st through July 31st during

the year 2003, and that recordings of the plaintiffs conversation were being retained by the Cook County States Attorneys office. (Exibit #9)

## V. RELIEF

The plaintiff requests relief through the Court ruling that:

1. the states directive to serve the Illinois Department of Corrections with the filed petition of Mandamus constitutes an admission by the state that information centers or forums of mandatory reporting had not recieved notice of Electronic Surveillance occurring upon the plaintiff, which reporting is legal precedure in completion of the Electronic Surveillance of persons, and that such failure to complete procedure was implimented by defendant John Doe for the purpose of concealing Electronic Surveillance and discovery of documents developed during, constituting a violation of the plaintiffs Due Process under both Illinois and federal law.

2. the Illinois Supreme Courts recaptioning of respondents named in the petition of Mandamus constitutes an admission by the state that " The People of Illinois " is the correct respondent for purposes of answering charges made in Mandamus petition, wherein the states failure to accept summons served by plaintiff constitutes an obstruction of the plaintiffs access to the Court in violation fo the plaintiff First Amendment. This violation was caused by defendant John Doe.

3. the Illinois State Police Agency were direct and knowledgeable participants in the Electronic Surveillance of the plaintiff, and thereby informed as to the placement or retention of documents developed during Electronic Surveillance of the plaintiff, wherein, Freedom of Information officer Kerry Suttons directive to appeal to the Cook County States Attorney office for review of audio recorded documents developed during the Electronic Surveillance constitutes an admission by the state that the information provided by the Cook Countys States Attorneys offices Freedom of Information officer, Randall Roberts, was deliberatedly

misleading in stating there had been no " recordings made during [2002 and 2003] " due to fact that the Cook County States Attorneys office retained possession of audio recorded documents which the plaintiff understandably sought. This act, in reference to the state deliberately providing inaccurate information through Freedom of Information, constitutes a violation of the plaintiffs Due Process, which violation was caused by defendant John Doe.

The plaintiff further requests relief through the Court ordering that:

4. defendant Beible cause to be served on the plaintiff a notice pursuant to Illinois law 725 ILCS 5/108A-8 due to equitable relief given by the Court.

5. defendant John Doe pay the plaintiff the amount of $500.00 dollars in actual damages and $200,000.00 in punitive damages.

The plaintiff lastly requests that the Court give any other relief the Court may deem necessary.

VI. The plaintiff demands that the case be tried by a jury: YES.

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this Certification is not correct, I may be subject to sanction by the Court. Signed this 12th day of 2009.

Gary Ellison K81210

PO Box 711, Menard Il 62259

Exhibit # 1

COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

IN RE: <u>THE MATTER OF JUDICIAL APPROVAL</u>
<u>SECTION 108A-3</u>

FELONY: MURDER NO. 2003COH-052

Now comes the undersigned applicant and states as follows:

1. I, Special Agent Michael Minniear #4638, a law enforcement officer, believe that the above captioned felony has been, is being or are about to be committed, based upon the facts and circumstances set forth in the attached affidavit which is incorporated into and made a part of this application.

2. That the party to the conversations to be monitored has consented to such monitoring and the written consent of said party is attached to and incorporated as part of this application.

3. That the State's Attorney's Authorization has been granted for this application and a signed State's Attorney's Authorization for Application for Judicial Approval for Use of Eavesdropping device (audio and/or video) is attached to and incorporated as part of this application.

4. That to the best of my knowledge no previous application has been made involving the below described parties to the conversation to be monitored.

THEREFORE, I request that an order for the Use of an Eavesdropping Device (audio and/or video) be issued to the undersigned applicant and Cook County Assistant State's Attorney's: Scott Cassidy, Thomas Hennelly, Kevin Byrne, Russell Baker, William Delaney, Linas Kelecius, Michael McHale, Eugene Richards,, Daniel Weiss; Cook County State's Attorney's Office Technicians: Al Nakayama, Ken Maicke, Jerry Kling, Elvia Torres, Cook County State's Attorney's Office Investigators: Chief Ron Kelly, Deputy Chief Frank Nelligan, Larry Tulder, John Duffy, Curtis Conley, Brian Killacky, Fernando Cervantes, Illinois State Police Officers: Leach #2369, Casey #3257, Piccoli #3190, Murray #3547, Cooper #2244, Nowaczyk #2346, Hunt #3630, Surz #4951, Techs: McLeese #3881 and any other authorized law enforcement personnel, to record any and all conversations from July 1, 2003 at 4:00 p.m. until July 31, 2003 at 3:59 p.m. between the following individuals whose conversations are to be overheard: ▓▓▓▓▓ consenting party, and Gary Ellison and other unknown co-conspirators.

FURTHER, I request that the order of Use of an Eavesdropping Device (audio and/or video) not terminate automatically when the above described communication is overheard (overseen) and/or recorded because I have reasonable grounds based on the facts in the said affidavit to believe that additional conversations of the same type may occur.

I, Special Agent Michael Minniear #4638, being duly sworn and under oath, state that I am a law enforcement officer employed by Illinois State Police and that the above information is true and correct.

Date: July 1, 2003

Time: 2:35 P.M.

Applicant S/A Michael J Minniear

Subscribed and sworn
to before me on
7-1 2003

Paul P Biebel 1688
JUDGE OF THE CIRCUIT COURT OF COOK COUNTY

1124



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

November 26, 2008

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Gary Ellison
Reg. No. K-81210
Menard Correctional Center
P. O. Box 711
Menard, Illinois 62259

Re: M12209 - Gary Ellison, petitioner, v. People State of Illinois, respondent. Mandamus.

Dear Mr. Ellison:

This office has today filed your motion for leave to file a petition for writ of habeas corpus, styled as set forth above. Please note that your motion has been recaptioned to reflect the appropriate responding party.

You are being permitted to proceed as a poor person. Your motion will be referred to the Court, and you will be advised as to the action taken.

Very truly yours,

Juleann Hornyak
Clerk of the Supreme Court

JH/jak
cc: AG CrMadigan

RENEW

D.OC. Circuit Court Summons

09-3299

Exhibit # 3

# IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT

## RANDOLPH COUNTY, ILLINOIS

G. F. Ellison, petitioner

v.

The People of the State of Illinois, respondent
c/o
Lisa Madigan
100 W Randolph, Chicago IL 60601

NO. 09-MR-17

RECEIVED APR 1 4 2009

## SUMMONS

To the defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court __Courthouse - Chester__,
(Insert name of building, room number, address, including city)
Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS __April 8__, 20 __09__.

(Seal of court)

__Barbara A Brown__
Clerk of court

__Cheri Buckheit__
Associate Circuit Clerk Deputy

Name __Gary Ellison #K-81210__
Attorney for __Pro Se__
Address __Menard C.C., P.O. Box 711__
City __Menard, IL 62259__
Telephone

Date of service: _____, 20 ___.
(To be inserted by officer on copy left with defendant or other person)

BLAZING COLOR PRINTING • Chester, IL

BC902F

## SHERIFF'S FEES

Service and return . . . . . . . . . . . . . . . . . $ _____

Miles  _____   _____

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants-personal):

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| Lisa Madigan | |
| | |
| | |

(b) – (Individual defendats-abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

(c) – (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) – (Other service):

_____ , Sheriff of _____ County

By _____ , Deputy

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ILLINOIS



Gary Ellison,
Plaintiff,

vs     No. 09-MR-17

The People of the state of Illinois,
Defendant.

## LEAVE TO FILE PETITION OF MANDAMUS

NOW COMES Plaintiff, Gary Ellison, pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq., directed to the above named Defendants. In support thereof, Plaintiff states as follows:

1. Leave to file PETITION OF MANDAMUS is an original action before the Court.
2. Plaintiff presents for review issues of law pertaining to him while incarcerated at Ill. River C.C., Canton, Illinois, Randolph County.
3. Plaintiff contends that the issues to be presented are concerning his right to Notice To Parties Overheard, 725 ILCS 5/108A-8.
4. Plaintiff alleges in the petition that the defendants did not serve the plaintiff Notice To Parties Overheard pursuant to 725 ILCS 5/108A-8.
5. Plaintiff's petition seeks to compel the Defendant to serve the plaintiff.
6. Plaintiff hereby incorporates by reference all grounds and allegations stated in the PETITION OF MANDAMUS, a copy of which is attached hereto.
7. WHEREFORE, plaintiff prays this Court to grant him leave to file a PETITION OF MANDAMUS.

Respectfully submitted,

Plaintiff, pro se ID# K81210
PO Box 711
Menard Corr Ctr Menard, Il 62259

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ILLINOIS

Gary Ellison,
Plaintiff,

vs

No. 09-MR-17

The People of the state of Illinois,
Defendant.



FILED
MAR 17 2009
Barbara L Brown
CIRCUIT CLERK
RANDOLPH COUNTY, IL

## PETITION OF MANDAMUS

NOW COMES Plaintiff, Gary Ellison, pro se, in order to give notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq. directed to the above named Defendants.

IN SUPPORT THEREOF, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at Menard Correctional Center, Menard Illinois, Randolph County. Plaintiff is serving a sentence of 75 years for the charge of murder.

2. Defendant, State of Illinois, is the executor of surveillance operations and as such is responsible for servance of Notice To Parties Overheard upon the plaintiff.

3. Plaintiff brings this PETITION OF MANDAMUS before the Court pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq.

4. The plaintiff has requested that the defendants perform specific ministerial duties. The defendants have refused to perform such duties regardless of plaintiff's clear entitlement to performance of the specific duties which are set forth as follows: <u>Within 90 days after the denial of application, or within 90 days after the termination of the period or extention of authorization for the defendants to conduct an electronic surveillance, the defendants must serve upon the plaintiff, a person named in the order or application, notification pursuant to 725 ILCS 5/108A-8.</u>

5. As a result of Defendant's actions, Plaintiff will suffer irreparable damages and be subjected to lack of notification and information needed in defense of plaintiff's liberty, a violation as to the plaintiff's fifth amendment right to due process.

6. WHEREFORE, plaintiff prays the Court will grant any such relief as the Court deems just and necessary by ruling Defendants actions of nonservance of Notice To Parties Overheard upon the plaintiff to be contrary to established Illinois law under 725 ILCS 5/108A-8.

7. WHEREFORE, plaintiff further prays the Court will issue an ORDER OF MANDAMUS compelling the Defendant to:

(a) Serve the plaintiff Notice To Parties Overheard pursuant to 725 ILCS 5/108A-8.
(b) To grant plaintiff leave to file brief in support of PETITION OF MANDAMUS.
(c) To grant such other relief as the Court deems just and necessary.

Respectfully submitted,

Plaintiff, pro se.

## VERIFICATION OF CERTIFICATION

I, Gary Ellison, certify and state that:

1. I am the Petitioner in the above captioned legal matter.
2. I have read the foregoing application and have knowledge of its contents, and;
3. Under penalties as provided by law pursuant to Section 1-109 of the Civil Code of Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, as to such matters I certify that I believe that same to be true.

Gary Ellison
pro se



## SANGAMON COUNTY SHERIFFS OFFICE
*"Keeping the Peace Since 1821"*

Administration - (217) 753-6855 -
Civil Process/Records - (217) 753-6846

**NEIL M. WILLIAMSON**
#1 Sheriffs Plaza
Springfield, Illinois 62701

Investigations - (217) 753-6840
Corrections - (217) 753-6886

## AFFIDAVIT OF CONSTRUCTIVE SERVICE

I, **Gary Dougherty** have attempted service on the following:
(Civil Process Officer)

**Defendant:** LISA MADIGAN

**Address:** 500 S. 2ND   ( ) on summons

**Case #** 09-MR-17

**Sheriff's Fee $** 30.00   ( ) N/C

1. 4/24 2009 @ 1020 AM/PM
2. _____ 2009 @ _____ AM/PM
3. _____ 2009 @ _____ AM/PM
4. _____ 2009 @ _____ AM/PM
5. _____ 2009 @ _____ AM/PM
6. _____ 2009 @ _____ AM/PM
7. _____ 2009 @ _____ AM/PM
8. _____ 2009 @ _____ AM/PM
9. _____ 2009 @ _____ AM/PM
10. _____ 2009 @ _____ AM/PM

Service was unable to be made due to SUMMONS GOES TO DEPT. OF CORRECTIONS, NOT ATTNY. GEN.

PROCESS SERVER check one or more that may apply: ( ) Defendant moved, ( ) Not at address given,
( ) No longer at place of employment, ( ) Card left no response,
( ) Vacant property, ( ) Actively Avoiding, ( ) Abandoned Property,
( ) Summons Expired, ( ) Insufficient time for proper service, ( ) Other,
( ) No show by landlord, ( ) Landlord took possession of property prior to Sheriff's Dept's arrival.

Gary Dougherty #2997
Civil Process Officer

IN PARTNERSHIP WITH THE COMMUNITY



# OFFICE OF THE STATE'S ATTORNEY
# COOK COUNTY, ILLINOIS

ANITA ALVAREZ
STATE'S ATTORNEY
Randall E. Roberts
Executive Assistant State's Attorney &
Director of Continuing Legal Education

69 W. Washington Blvd.
Suite 3200
Chicago, Illinois 60602
(312) 603-1846
(312) 603-9689 (Fax)

May 11, 2009

Mr. Gary Ellison
Inmate #K81210
Menard Correctional Center
Illinois Department of Corrections
P.O. Box 711
Menard, Illinois 62259

RE: Gary Ellison FOIA request 4-22-09

Dear Mr. Ellison

    I am in receipt of your April 21, 2009 request for documents under the Freedom of Information Act ("FOIA") statute. You have requested documents concerning the use by law enforcement of recording equipment to overhear your conversations in 2002 and 2003. No "consensual overhears or interceptions of communications" were made of any conversations testified to at trial by Tommy Armstrong or any other witness, nor were there any audible recordings made during this time. All documents and copies of audiotapes in your case were given to your attorney during the discovery process before your first-degree murder trial in 2006. As you know, the Illinois Appellate Court rejected your contention that our failure to produce this audiotape was a *Brady* violation. (See *People v. Gary Ellison*, No. 1-06-1842, June 16, 2008)

    Accordingly, I deny your request for these documents. You have a right to appeal this denial to the elected head of this office, State's Attorney Anita Alvarez.

Sincerely,

Randall E. Roberts
Executive Assistant State's Attorney

# FREEDOM OF INFORMATION REQUEST

## STATE OF ILLINOIS ( 1
8166

| Name of Agency | City |
|---|---|
| Illinois State Police | Springfield |

Address: Freedom of Information Office
801 S. 7th St., Ste 1000-S PO Box 19461 IL 62794-9461

Requestor's Name (Or business name if applicable)
**Gary Ellison #K81210**

Street Address
**P O Box 711**

| City | State | Zip |
|---|---|---|
| Menard | IL | 62259 |

**INSTRUCTIONS:**
Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

Date of Request: **04/15/2009**
Phone Number:

CERTIFICATION REQUESTED [ ] YES  [ X ] NO

Requestor's Signature
(NOT REQUIRED)

### DESCRIPTION OF RECORDS REQUESTED:

**All sound recordings and applications for orders authorizing the use of eavesdropping devices upon Gary Ellison.**

[ X ] REQUESTING COPIES        [ ] TO INSPECT RECORDS

### AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[ X ] The documents requested are enclosed.
The audio tapes are not in the possession of the Illinois State Police. Requestor should contact the Cook County State's Attorney's Office.

[ ] The documents will be made available upon payment of copying costs ............................. $ _____

[ ] You may inspect the records at _____

on the date of _____

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[ X ] The ~~materials requested are~~ exempt under Section 7 ___see below___ of the Freedom of Information Act for the following reasons:
Some information is redacted.
**1)b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.**
**1)c)vi) Constitute an invasion of personal privacy under subsection (b) of this Section.**
**1)c)vii) Endanger the life or physical safety of law enforcement personnel or any other person.**
**1)c)iv) Unavoidably disclose the identity of a confidential source or confidential information furnished only by the confidential source.**

INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED
**Colonel Michael R. Snyders - ITC**

**Colonel Harold E. Nelson, II - DOO**

**RIGHT TO APPEAL**
If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: **Director Jonathon E. Monken**
801 S. 7th St., Suite 1100-S, PO Box 19461
Springfield IL 62794-9461

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

| FOIA Officer | Date of Reply |
|---|---|
| Kerry Sutton | 7/29/2009 |

The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center.

IL 001-0005 (6/84)